IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00555-REB-KLM

ELLIOT B. MAISEL,

    Plaintiff,

v.

ERICKSON CONSTRUCTION, INC., a Colorado corporation,
RICKIE DEAN ERICKSON, individually,
CHARLES L. CUNNIFFE, individually, d/b/a Charles Cunniffe & Assoc, Architects,
ALPINE HEATING AND SHEET METAL, INC., a Colorado corporation,
COG PLUMBING & HEATING, INC., a Colorado corporation,
COLUMBINE INSULATING, INC., a Colorado corporation,
CROSS SEVEN, INC., a Colorado corporation,
FRONTIER ENTERPRISES, LTD., d/b/a Frontier Structures, Inc., a Colorado corporation,
DAVID JOHNS, individually, d/b/a John's Construction,
PEAK SERVICE AND RENOVATION INC., d/b/a Peak Mechanical Services, Inc., a Colorado corporation,
STEAMBOAT LANDSCAPING, INC., d/b/a Mountain West Environments, Inc., a Colorado corporation,
THE LOG CONNECTION, INC., a Colorado corporation, and
TINMAN ROOFING AND HOME IMPROVEMENTS, INC., a Colorado corporation,

    Defendants.

_____

### MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendant **Cog Plumbing & Heating Inc.'s Motion for Leave to Designate Non-Parties at Fault** [Docket No. 50; Filed July 1, 2011] (the "Motion").  Pursuant to the Motion, Defendant seeks leave to designate two nonparties at fault who were recently voluntarily dismissed from this action due to Plaintiff's inability to effect service on them [Docket Nos. 47 & 48].  Plaintiff takes no position as to the Motion. Defendants Cunniffe, Columbine Insulating, Inc., Cross Seven, Inc., Frontier Enterprises,

Ltd., David Johns, Peak Service and Renovation, Inc., Steamboat Landscaping, Inc., and Tinman Roofing and Home Improvements, Inc. join in the designation.

Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), "[n]egligence or fault of a nonparty may be considered if the claimant entered into a settlement agreement with the nonparty or if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary." Ninety days following the commencement of this case was June 6, 2011. Given the history of this case, including that Plaintiff delayed effecting service on some Defendants and opted not to proceed against other Defendants, the Court finds that a longer period for designation is necessary and appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. The designation of TBW, Inc. and Logarythms, Inc. as nonparties at fault filed on behalf of Defendants Cog Plumbing & Heating, Inc., Cunniffe, Columbine Insulating, Inc., Cross Seven, Inc., Frontier Enterprises, Ltd., David Johns, Peak Service and Renovation, Inc., Steamboat Landscaping, Inc., and Tinman Roofing and Home Improvements, Inc. [Docket No. 50-1] is accepted for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that given Defendant Tinman Roofing and Home Improvements, Inc.'s joinder in this designation, its untimely designation of these nonparties [Docket No. 49] without leave of Court is **STRICKEN**.

Dated:  July 5, 2011