IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00555-REB-KLM

ELLIOT B. MAISEL,

    Plaintiff,

v.

ERICKSON CONSTRUCTION, INC., a Colorado corporation,
RICKIE DEAN ERICKSON, individually,
CHARLES L. CUNNIFFE, individually, d/b/a Charles Cunniffe & Assoc, Architects,
ALPINE HEATING AND SHEET METAL, INC., a Colorado corporation,
COG PLUMBING & HEATING, INC., a Colorado corporation,
COLUMBINE INSULATING, INC., a Colorado corporation,
CROSS SEVEN, INC., a Colorado corporation,
FRONTIER ENTERPRISES, LTD., d/b/a Frontier Structures, Inc., a Colorado corporation,
DAVID JOHNS, individually, d/b/a John's Construction,
PEAK SERVICE AND RENOVATION INC., d/b/a Peak Mechanical Services, Inc., a Colorado corporation,
STEAMBOAT LANDSCAPING, INC., d/b/a Mountain West Environments, Inc., a Colorado corporation,
THE LOG CONNECTION, INC., a Colorado corporation, and
TINMAN ROOFING AND HOME IMPROVEMENTS, INC., a Colorado corporation,

    Defendants.

_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants Erickson Construction, Inc. and Rickie Dean Erickson's **Motion for Leave to Designate Non-Parties at Fault** [Docket No. 80; Filed July 26, 2011] (the "Motion").  Pursuant to the Motion, Defendants Erickson Construction, Inc. and Rickie Dean Erickson seek leave to designate three nonparties at fault who are believed to have performed services on the property which is the subject of this litigation [Docket Nos. 47 & 48].  Defendants Frontier Enterprises, Ltd., Cog Plumbing

& Heating, Inc., Peak Service and Renovation, Inc. and Charles L. Cunniffe join in the designation. *Motion* [#80] at 2.

Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), "[n]egligence or fault of a nonparty may be considered if the claimant entered into a settlement agreement with the nonparty or if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary." As noted in my prior Order permitting certain Defendants to designate other nonparties at fault [Docket No. 52], ninety days following the commencement of this case was June 6, 2011. Given the history of this case, including that Plaintiff delayed effecting service on Defendants and that the parties have not yet exchanged initial disclosures, the Court finds that a longer period for designation is necessary and appropriate. Moreover, I note that Plaintiff does not oppose the request to extend the nonparty designation deadline. *Motion* [#80] at 2. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**. The designation of Homestead Associates of the Rockies, LLC, Dan Filler and Condos in Steamboat, Inc. as nonparties at fault filed on behalf of Defendants Erickson Construction, Inc., Rickie Dean Erickson, Frontier Enterprises, Ltd., Cog Plumbing & Heating, Inc., Peak Service & Renovation, Inc. and Charles L. Cunniffe [Docket No. 80-1] is accepted for filing as of the date of this Order.[1]

Dated: July 26, 2011

---

[1] To be clear, the Court does not pass judgment on the validity of the designation. While Defendants indicate that Plaintiff opposes the designation of these particular nonparties, see *Motion* [#80] at 2, the Motion pertains only to whether Defendants may designate nonparties at fault outside the statutory deadline. Any objection to the validity of the designation must be raised separately and specifically address the designation's alleged failure to make a *prima facie* showing of nonparty liability. *See, e.g., Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.2d 75 (Colo. 2002).