IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00555-REB-KLM

ELLIOT B. MAISEL,

    Plaintiff,

v.

ERICKSON CONSTRUCTION, INC., a Colorado corporation,
RICKIE DEAN ERICKSON, individually,
CHARLES L. CUNNIFFE, individually, d/b/a Charles Cunniffe & Assoc, Architects,
ALPINE HEATING AND SHEET METAL, INC., a Colorado corporation,
COG PLUMBING & HEATING, INC., a Colorado corporation,
FRONTIER ENTERPRISES, LTD., d/b/a Frontier Structures, Inc., a Colorado corporation,
PEAK SERVICE AND RENOVATION INC., d/b/a Peak Mechanical Services, Inc., a Colorado corporation,
THE LOG CONNECTION, INC., a Colorado corporation, and
TINMAN ROOFING AND HOME IMPROVEMENTS, INC., a Colorado corporation,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants Erickson Construction, Inc. and Rickie Dean Erickson's (collectively, "the Erickson Defendants") **Motion for Leave to File Cross-Claims and Third-Party Claims** [Docket No. 104; Filed September 30, 2011] (the "Motion").  The Erickson Defendants represent that Plaintiff and Defendants Frontier Enterprises, Ltd., Peak Service and Renovation, Inc., and Tinman Roofing and Home Improvements, Inc. do not object to the relief requested.  However, Defendants Cog Plumbing & Heating, Inc., Charles C. Cunniffe, and The Log Connection, Inc. oppose the

Motion.[1]

The Erickson Defendants seek to bring five claims against other Defendants presently in the action (Defendants Charles C. Cunniffe, Cog Plumbing & Heating, Inc., The Log Connection, Inc., and Peak Service and Renovation, Inc.) and against defendants that were initially named by Plaintiff and subsequently dismissed, who would return to the action as Third-Party Defendants. *See Cross-Claims and Third-Party Claims* (proposed), Docket No. 106. The Erickson Defendants bring their Motion pursuant to Fed. R. Civ. P. 13 and 14. Docket No. 104 at 1. The proposed cross-claims and third-party claims arise from the construction of the property at issue in Plaintiff's Amended Complaint. The Erickson Defendants explain that, through the proposed Cross-Claims and Third-Party Claims, they seek "to ensure proper recovery for each parties' actions in contributing to the [p]roperty damages and defects for which Plaintiff seeks to hold Erickson responsible." [#104] at 3.

As an initial matter, the Court notes that the Scheduling Order governing this case provides that the deadline for joinder of parties and amendment of pleadings was September 30, 2011. *Scheduling Order*, Docket No. 95 at 17-18. Accordingly, the Erickson Defendants' Motion was timely filed.

Fed. R. Civ. P. 15(a) provides for the liberal amendment of pleadings, within the Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). Pursuant to Fed. R. Civ.

---

[1] The Court is not required to wait for a response before resolving the Motion. D.C. Colo. LCivR 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). Where, as here, the Court finds that good cause is shown for the requested relief, waiting for a response is unnecessary and inefficient.

Additionally, the Court notes that the Clerk of Court entered default against the remaining Defendant, Alpine Heating and Sheet Metal, Inc., on July 20, 2011 [Docket No. 78]. Thus, the Court need not instruct the Erickson Defendants to supplement this Motion with Defendant Alpine Heating and Sheet Metal, Inc.'s position pursuant to D.C. Colo. LCivR 7.1A.

P. 14(a)(1), a defending party may bring in a third party only upon leave of court, if the third-party complaint is filed more than 14 days after service of the original answer. The Erickson Defendants submitted their Answer to Plaintiff's Amended Complaint on June 6, 2011 [Docket No. 33], thus they must obtain the Court's leave before the proposed Cross-Claims and Third-Party Claims are accepted.

"In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)); *see also Bayview Loan Servicing, LLC v. Boland*, No. 08-cv-00566-WDM-KLM, 2009 WL 160902 (D. Colo. Jan. 21, 2009) (evaluating a request to add cross- and counter-claims pursuant to Fed. R. Civ. P. 15(a)). Pursuant to Fed. R. Civ. P. 13(g), a cross-claim by one defendant against another defendant must arise "out of the transaction or occurrence that is the subject matter of the original action . . . ."

After carefully reviewing Plaintiff's Amended Complaint [Docket No. 14] and the Erickson Defendants' proposed Cross-Claims and Third-Party Claims [Docket No. 106], the Court agrees with the Erickson Defendants that the proposed cross- and third-party claims arise out of the same transaction or occurrence that is the subject matter of the Amended Complaint; that is, the alleged "defect and damage" related to the construction of Plaintiff's property at issue. Furthermore, this case is still in its early stages, and the Cross-Claim and Third-Party Defendants have ample time to prepare their defenses. The deadline for the completion of discovery is nearly eight months away, and the deadline for filing dispositive motions is July 20, 2012. *Scheduling Order* [#95] at 18. Therefore, the Court

finds that the considerations stated in Fed. R. Civ. P. 13(g), 14(a), and 15(a) weigh in favor of granting leave. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#104] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept the Erickson Defendants' Cross-Claims and Third-Party Claims [#106] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that the Cross-Claim and Third-Party Defendants shall answer or otherwise respond to the Erickson Defendant's Cross-Claims and Third-Party Claims within *fourteen days* of service of the Cross-Claims and Third-Party Claims.

DATED: October 4, 2011 at Denver, Colorado.

BY THE COURT:

s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge