IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00555-REB-KLM

ELLIOT B. MAISEL,

    Plaintiff,

v.

ERICKSON CONSTRUCTION, INC., a Colorado corporation,
RICKIE DEAN ERICKSON, individually,
CHARLES L. CUNNIFFE, individually, d/b/a Charles Cunniffe & Assoc, Architects,
ALPINE HEATING AND SHEET METAL, INC., a Colorado corporation, and
THE LOG CONNECTION, INC., a Colorado corporation,

    Defendants;

RICKIE DEAN ERICKSON, individually, and
ERICKSON CONSTRUCTION, INC.,

    Cross Claimants,

v.

CHARLES L. CUNNIFFE, individually, and
COG PLUMBING & HEATING, INC.,

    Cross Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant Cog Plumbing & Heating, Inc.'s Motion for Leave to Designate Settlement Parties as Non-Parties at Fault** [Docket No. 160; Filed August 13, 2012] (the "Motion").  Defendant Cog Plumbing & Heating, Inc. ("Cog") represents that Defendants Charles L. Cuniffe, The Log Connection, Erickson

1

Construction, Inc., and Rickie Dean Erickson (collectively, "Defendants") join in the requested relief. [#160] at 2. Plaintiff objects to the requested relief. *Id.* Defendants seek leave to designate six nonparties at fault who were previously named as defendants in this action and who were dismissed from it after settling with Plaintiff. *Id.* at 3.

Pursuant to Colo. Rev. Stat. § 13-21-111.5(3)(b), "[n]egligence or fault of a nonparty may be considered if the claimant entered into a settlement agreement with the nonparty or if the defending party gives notice that a nonparty was wholly or partially at fault within ninety days following commencement of the action unless the court determines that a longer period is necessary." As noted in the prior Orders permitting certain Defendants to designate other nonparties at fault [## 52, 82], ninety days following the commencement of this case was June 6, 2011. Given the history of this case, as well as the fact that the nonparties at issue were still parties to the action on June 6, 2011, the Court finds that a longer period for designation is necessary and appropriate. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#160] is **GRANTED**. The designation of Steamboat Landscaping Inc. d/b/a Mountain West Environments, Inc., David Johns d/b/a Johns Construction, Cross Seven, Inc., Frontier Enterprises, Ltd. d/b/a Frontier Structures, Inc., Tinman Roofing and Home Improvements, Inc., and Peak Service and Renovation, Inc. d/b/a Peak Mechanical Services as nonparties at fault filed on behalf of Defendants Cog Plumbing & Heating, Inc., Charles L. Cunniffe, The Log Connection, Erickson Construction, Inc., and Rickie Dean Erickson [Docket No. 160-1] is accepted for filing as of the date of this Order.[1]

---

[1] To be clear, the Court does not pass judgment on the validity of the designation. While Defendants indicate that Plaintiff opposes the designation of these particular nonparties, *see* [#160] at 2, the Motion pertains only to whether Defendants may designate nonparties at fault outside the

Dated:  August 15, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

statutory deadline.  Any objection to the validity of the designation must be raised separately and specifically address the designation's alleged failure to make a *prima facie* showing of nonparty liability.  *See, e.g.*, *Redden v. SCI Colo. Funeral Servs., Inc.*, 38 P.2d 75 (Colo. 2002).